# JUNIPER UTILITY COMPANY et al, *Respondents,*
## *v.*
# DEPARTMENT OF REVENUE, *Appellant.*
## (900, 24403)
### 558 P2d 318

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel.

*James V. Hurley,* Bend, argued the cause for respondents. With him on the brief were Neil R. Bryant and Gray, Fancher, Holmes & Hurley.

Before Denecke, Chief Justice, and McAllister,

O'Connell, Holman, Tongue, Howell, Justices, and Lent, Justice pro tempore.

McALLISTER, J.

## McALLISTER, J.

Although the facts in this case differ in some detail from the case of *Brooks Resources Corporation v. Department of Revenue,* decided this day, we find that our holding in *Brooks* is dispositive of this case.

As in *Brooks,* there is no dispute about the basic facts. Various members of the Ward family own and plan to develop about 1,000 acres one mile south of Bend. The development is being made in stages, with the following portions completed or partially completed as of January 1, 1974, the assessment date: Tillicum Village and the First, Second, and Third Additions thereto; Nottingham Square; Shiloh; and Crown Villa Mobile Home Park.

There are both domestic and irrigation water systems in the developments and both are assessed in this proceeding. The total assessment was $174,000. The domestic potable water systems in Tillicum Village and the First and Second Additions thereto have been assessed to Roats Water Systems. All other portions of both water systems are at issue here.

Some of the developments are planned unit developments, some are ordinary subdivisions, and one is a mobile home park in which mobile home spaces are rented.

The plaintiff states the issues involved in this proceeding as follows:

"The questions presented are: (1) Does defendant have jurisdiction to assess plaintiff's water systems? (2) Do plaintiff's water systems have independent value or is their value to be included on a formula basis in the sold and unsold lots? (3) Do the defendant's assessments on plaintiff's water systems constitute double assessment and double taxation?"

All of the above issues have been decided in *Brooks.* In that case we held (1) that the defendant did have jurisdiction to assess Brooks Resources Corporation's water systems, (2) that Brooks' water systems have

independent value and that such values cannot be divided between the sold and unsold lots and, (3) that defendant's assessments on Brooks' water systems did not constitute double taxation. If there are other issues involved in this case they have not been raised by plaintiff and we need not consider them in this opinion.

This case is reversed and remanded to the Tax Court with instructions to reinstate the defendant's assessment of plaintiff's water systems.